1  THE LAW OFFICE OF ABTIN AMIR, PC
   Abtin Amir, CA Bar No. 305091
2  A.Amir@AbtinAmirLaw.com
   Ivana Bolcheva Saddigh, CA Bar No. 331685
3  I.Saddigh@AbtinAmirLaw.com
   Madeleine Messinger, CA Bar No. 342406
4  M.Messinger@AbtinAmirLaw.com
   4500 Park Granada, Suite 202
5  Calabasas, CA 91302
   Tel No: (818) 336-1324
6

7  Attorney for Defendant,
   BMW OF NORTH AMERICA, LLC

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11

| | |
|---|---|
| ONEWAAN LLC and PHANUPONG PRASERTSITH,<br><br>Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 3:22-cv-2874<br><br>[San Francisco County Superior Court, Case No. CGC-22-599125]<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT BY DEFENDANT BMW OF NORTH AMERICA, LLC**<br><br>[28 U.S.C. §§ 1331, 1332, 1441 and 1446]<br><br>[*Declaration of Abtin Amir; Corporate Disclosure Statement and Certification of Interested Parties; and Notice of Appearance filed concurrently herewith*]<br><br>Date Action Filed: April 11, 2022 |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant BMW of North America, LLC ("BMW NA") hereby removes the above-entitled action (the "Action") from the Superior Court of the State of California in the County of San Francisco, to the United States District

Court in the Northern District of California. In support of this removal, BMW NA states the following:

## I. REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

### A. Procedural Background

Pursuant to the provisions of 28 U.S.C. section 1446(a), BMW NA attaches to this Notice and incorporates by reference **Exhibit 1** hereto, which includes true and correct copies of all process, pleadings, and orders that have been served upon BMW NA in this action, including the Complaint.

On April 11, 2022, Plaintiffs Onewaan LLC and Phanupong Prasertsith (collectively, "Plaintiffs") commenced this action titled *Onewaan LLC and Phanupong Prasertsith v. BMW of North America, LLC, et al.,* Case No. CGC-22-599125, by filing a complaint for damages and other relief ("Complaint") in the Superior Court of the State of California in the County of San Francisco. The Complaint alleges causes of action related to Plaintiffs' purchase of a 2021 BMW X5 xDrive45e, VIN 5UXTA6C0XM9H65325 ("Subject Vehicle") pursuant to the federal Magnuson-Moss Warranty Act and the California Song-Beverly Consumer Warranty Act.

Plaintiffs allege that they purchased the Subject Vehicle on or about July 16, 2021, and that they seek the remedies provided in 15 U.S.C. § 2301 and California Code of Civil Code § 1794, including rescission of the contract and restitution of price paid or payable by Plaintiff. Ex. 1 (Complaint at ¶¶ 21, 33 and Prayer for Relief at ¶ 2). The value of just the purchase contract for the Subject Vehicle which Plaintiff wishes to rescind is approximately $92,179.00 according to the Purchase Agreement for the Subject Vehicle. (Complaint at ¶ 6; Declaration of Abtin Amir ("Amir Decl.") at ¶ 2, Ex. A (Purchase Agreement at p. 1)).

Plaintiffs further seek recovery of all general, special, and actual damages, incidental and consequential damages, civil penalty in the amount of two times

Plaintiffs' actual damages, prejudgment interest, and statutory attorney's fees and costs. *See, e.g.,* Ex. 1 (Complaint at ¶¶ 21-24, 32-35 and Prayer for Relief). The civil penalty Plaintiffs seek under section 1794 is up to two times Plaintiffs' actual damages. Cal. Civ. Code § 1794.

BMW NA was served with the summons and Complaint on April 15, 2022, via CT Corporation System, BMW NA's registered agent for service of process.

### B. This Court Has Subject Matter Jurisdiction Based on Federal Question Jurisdiction

A district court has original jurisdiction of all civil actions arising under the laws of the United States. 28 U.S.C. § 1331. A defendant may remove a state court action to the district court of the United States for the district and division embracing the place where such action is pending, provided that the district court has original jurisdiction over the subject matter therein. 28 U.S.C. § 1441(a). Whether a plaintiff's claim arises under federal law is determined by the application of the well-pleaded complaint rule, which "applies to the original jurisdiction of the district courts as well as to their removal jurisdiction." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983) (citing *Phillips Petroleum Co. v. Texaco Inc.*, 415 U.S. 125, 127 (1974) and *Pan American Petroleum Corp. v. Superior Court*, 366 U.S. 656, 663 (1961)). Under the well-pleaded complaint rule, a state court claim may be removed to federal district court if it presents a federal question which appears on the face of the plaintiff's well-pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1982).

Additionally, the Magnuson-Moss Warranty Act expressly grants jurisdiction to district courts under the facts of this case. *See* 15 U.S.C. 2310(d)(1)(B) ("a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this title [15 USCS §§ 2301 et seq.], or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief . . . in an appropriate district court

of the United States . . ." (brackets in original)).

Here, Plaintiffs' civil action arises, in part, under the laws of the United States, specifically the federal Magnuson-Moss Warranty Act ("Mag-Moss"). Plaintiffs allege that BMW NA violated Mag-Moss by failing to repair the alleged defects with the Subject Vehicle and to offer a replacement or repurchase. (Complaint at ¶ 30). Plaintiffs further seek the remedies provided under Mag-Moss. (Complaint at ¶¶ 32-35 and Prayer for Relief.) Thus, the jurisdictional requirements for removal are met because this case arises out of the laws of the United States within this Court's original jurisdiction, within the meaning of 28 U.S.C. § 1331, and by express grant of jurisdiction by Congress.

The other bases for relief asserted by Plaintiffs on the face of their Complaint all arise out of the same set of facts and are part of the same case and controversy, so that this Court has supplemental jurisdiction over them within the meaning of 28 U.S.C. § 1367(a). Therefore, this is an action over which this Court would have had original jurisdiction had it been filed initially in this Court against BMW NA alone, and removal to this Court is proper under the provision of 28 U.S.C. § 1441(a).

### C. This Court Also Has Subject Matter Jurisdiction Based on Complete Diversity of the Opposing Parties

This is a civil action over which this Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed by BMW NA pursuant to 28 U.S.C. § 1441(a) and (b). The requirements for diversity jurisdiction are met here because this is a civil action with an amount in controversy exceeding $75,000, exclusive of interest and costs, and is between citizens of different states.

#### 1. The Amount in Controversy Exceeds $75,000

The first requirement for diversity jurisdiction is that the amount in controversy must exceed the sum of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a). In determining whether a complaint meets the $75,000 threshold

1  amount set forth in 28 U.S.C. § 1332(a), a court must consider the aggregate
2  amount of all the claims, not the amount involved in each individual claim.
3  *Campbell v. Hartford Life Ins. Co., 825 F. Supp. 2d 1005, 1008* (E.D. Cal. 2011)
4  (diversity statute confers jurisdiction over entire action, not just specific claims
5  alleged in complaint, and, therefore, claims of single plaintiff are aggregated in
6  order to satisfy amount in controversy).

7  The fact that a complaint fails to specify the total amount of damages in a
8  dollar amount does not deprive this Court of jurisdiction.  *See Banta v. Am. Med.*
9  *Response Inc.,* 2011 U.S. Dist. LEXIS 77558 at *4 (C.D. Cal. July 15, 2011)
10 (defendant may remove suit to federal court notwithstanding the failure of plaintiff
11 to plead a specific dollar amount in controversy; if the rules were otherwise, "any
12 plaintiff could avoid removal simply by declining to place a specific dollar claim
13 upon its claim"); *see also Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031-35
14 (N.D. Cal. 2002) (holding that plaintiff's damage claim, including lost wages, lost
15 earning capacity, medical expenses, emotional distress, and attorneys' fees, was
16 enough to put the amount in controversy above $75,000).

17 While BMW NA's instant Notice of Removal includes evidence to establish
18 the amount in controversy, the Supreme Court holds that, at the removal stage, "a
19 defendant's notice of removal need include only a plausible allegation that the
20 amount in controversy exceeds the jurisdictional threshold" and that "[e]vidence
21 establishing the amount is required by [28 USC] § 1446(c)(2)(B) only when the
22 plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee*
23 *Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  Thus, removal is
24 proper if, from the allegations of the operative complaint and the Notice of
25 Removal, it is more likely than not that the claims exceed $75,000, exclusive of
26 interest and costs.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th
27 Cir. 1996).

28

THE LAW OFFICE OF
ABTIN AMIR, PC

5
NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT BY DEFENDANT
BMW OF NORTH AMERICA, LLC

Here, Plaintiffs' claims and allegations in their Complaint far exceed $75,000 exclusive of interest and costs. Plaintiffs allege BMW NA violated Mag-Moss and the Song-Beverly Consumer Warranty Act and seek reimbursement for all amounts paid under the purchase for the Subject Vehicle. Ex. 1 (Complaint at ¶¶ 21-24, 32-35 and Prayer for Relief). The amount Plaintiffs seek in direct damages is $92,179.00 which is all amounts paid and payable under the Purchase Agreement for the Subject Vehicle. (*See* Amir Decl., Ex. A). Plaintiffs also seek incidental damages, consequential damages, and pre-judgment interest, and a civil penalty under the Song-Beverly Act that could amount to two times Plaintiffs' actual damages (up to an *additional* $184,350.00 not accounting for incidental and consequential damages), that would total over $276,537.00 plus statutory attorneys' fees (generally at least another $100,000 through trial, and sometimes far more). Even when applying a potential statutory offset to Plaintiffs' express warranty claims (not applicable to all claims), such offset would not affect the amount in controversy because it would be no more than $3,295.40 (or $6,590.80 if doubled for a two times civil penalty deducted from treble damages of $276,537.00) based on the statutory formula of multiplying the number of miles driven before the first complaint about the alleged substantial defect (4,290 miles here) by the amount payable under the purchase contract ($92,179.00 here) and dividing by 120,000. (Amir Decl. at ¶ 5; *Maciel v. BMW of N. Am., LLC*, 2017 WL 8185859, at *2 (C.D. Cal. Aug. 7, 2017) (quoting Cal. Civ. Code §1793.2(d)(2)(C)). To the extent Plaintiffs allege breach of implied warranty causes of action against the manufacturer or the retail seller, no offset would apply.

The *additional* $184,350.00 Plaintiffs seek in civil penalties (Prayer for Relief at ¶ 14), must be included in the calculation of the amount in controversy, and the court in *Brady* held that "there is good reason" for doing so to determine "the amount in controversy" in Song-Beverly/Mag-Moss warranty cases, and

explaining that other courts have included such damages in their calculations particularly where the damages are provided by statute. *Brady*, 243 F.Supp.2d at 1009, citing e.g., *Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 (9th Cir. 2000) (treble damages authorized by state statute could have been taken into account when determining the amount in controversy); *Rosen v. Chrysler Corp.*, 205 F.3d 918, 922 (6th Cir.2000) (possibility of treble damages under New Jersey Consumer Fraud Act included in determining amount in controversy); *St. Paul Reinsurance Co., Ltd., v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("items to be considered in ascertaining the amount in controversy ... are *inter alia* penalties, statutory damages, and punitive damages").

Moreover, the Song-Beverly Act's civil penalty provision (treble damages) differs in at least two respects from punitive damages. *Id.* First, the Song-Beverly civil penalty is not speculative because it is capped at two times the Plaintiff's actual damages. Cal. Civ. Code §1794(c). By contrast, there is no specific limit on the amount of punitive damages that can be awarded in an action, thereby necessarily making them highly speculative. *See College Hospital, Inc. v. Superior Court*, 8 Cal.4th 704, 712 (1994). Second, the standards of proof are different. While punitive damages require a plaintiff to prove with clear and convincing evidence that the defendant acted with malice, oppression, or fraud, in order to obtain civil penalties under the Song-Beverly Act, the plaintiff must prove by a preponderance of the evidence that the defendant willfully failed to repurchase the vehicle. *See* CACI 3948, CACI 3244 (revised May 2018). The heightened evidentiary standard for punitive damages also makes them speculative. Thus, the potential civil penalty contributes to the amount in controversy exceeding $75,000 as another means of exceeding the jurisdictional threshold for diversity jurisdiction.

A *reasonable estimate* of the Plaintiff's attorneys' fees should be included in the amount in controversy for claims made under the Song-Beverly Consumer

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT BY DEFENDANT BMW OF NORTH AMERICA, LLC

THE LAW OFFICE OF
ABTIN AMIR, PC

Warranty Act. *Fritsch v. Swift Trans. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (Future attorneys' fees are included when calculating a reasonable estimate of a plaintiff's attorneys' fees); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *Brady v. Mercedes-Benz USA*, 243 F. Supp. 2d 1004, 1010 (N.D. Cal. 2002). The prior split in authority regarding the proper calculation of attorneys' fees for purposes of determining the amount in controversy ended in 2018 when the Ninth Circuit held that future attorneys' fees—not just attorneys' fees as of the date of removal—are included when calculating a reasonable estimate of a Plaintiff's attorneys' fees. *See Fritsch*, 899 F.3d at 794. Attorneys' fees requested by the plaintiff's bar in these automotive warranty cases virtually always range from $125,000 to $450,000 following trial, and demands often exceed $15,000 after filing just the initial complaint. Thus, in addition to the $276,537.00 Plaintiff seeks in damages and civil penalties, a reasonable estimate for Plaintiff's attorneys' fees should be included, making the amount in controversy far in excess of $75,000. (Amir Decl. ¶ 5).

### 2. Complete Diversity Exists

The second requirement, complete diversity of citizenship, is met when plaintiff is diverse from defendant. 28 U.S.C. § 1332(a)(1). Removal of such an action is appropriate when no defendant is a citizen of the same state in which the action was originally brought. 28 U.S.C. § 1441(a)-(b). For purposes of diversity, a natural person is a "citizen" of the state which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A natural person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d. 853, 857 (9th Cir. 2001).

THE LAW OFFICE OF ABTIN AMIR, PC

A corporation is deemed to be a citizen of (1) the state under whose laws it is organized; and (2) the state of its "principal place of business."  28 U.S.C. § 1332(c)(1).  A Limited Liability Company, such as BMW NA, "is a citizen of every state of which its owners/members are citizens," like a partnership.  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  The citizenship of "Doe" defendants, however, is disregarded for removal purposes.  28 U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (holding that, for removal purposes, the citizenship of defendants sued under fictitious names shall be disregarded); *see also Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).

Here, the diversity requirements are met.  Plaintiff Phanupong Prasertsith is a citizen of California, as established by the fact that Plaintiff provided a California address and phone number on each and every document pertaining to the Subject Vehicle.  First, the Purchase Agreement Plaintiff for the Subject Vehicle lists his address as San Francisco, CA and his phone number as a (415) area code, which corresponds to San Francisco, CA.  (Amir Decl. ¶ 2 at Ex. A (Purchase Agreement § 1)).  The customer relations records also establish that Plaintiff listed a San Francisco, CA address and the same (415) area code phone number.  (*See* Amir Decl. ¶ 3 Ex. B (BMW Customer Relations Log Excerpt).  Further, the available service records for the Subject Vehicle establish that on each occasion Plaintiff serviced the vehicle at BMW of San Francisco in San Francisco, CA.  (*See* Amir Decl. ¶ 4).  Accordingly, all of the available records establish that Plaintiff is a citizen of California, and nothing in the available records indicates otherwise.

Plaintiff Onewaan LLC is also a citizen of California as provided by its California Secretary of State Statement of Information showing that it is a limited liability company incorporated in California and that its manager/member is Plaintiff Phanupong Prasertsith, a citizen of California.  (Amir Decl., Ex. C).

*Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The Purchase Agreement further shows that Plaintiff Onewaan LLC listed a San Francisco, CA address and a (415) area code, which also corresponds to San Francisco, CA.  (Amir Decl. ¶ 2 at Ex. A (Purchase Agreement § 1)).

As provided in BMW NA's Corporate Disclosure Statement filed concurrently with this Notice of Removal, Defendant BMW NA is a privately held Delaware limited liability company with its principal place of business located in Woodcliff Lake, New Jersey.  BMW NA is a wholly owned subsidiary of BMW (US) Holding Corp., which is the sole member of BMW NA, and it is incorporated under the laws of Delaware, and has its headquarters and principal place of business in the State of New Jersey.  (BMW NA's Corporate Disclosure Statement at ¶ 1). Accordingly, BMW NA is a citizen of Delaware and New Jersey, not California. *See* 28 U.S.C. § 1332(c)(1); *Johnson*, 437 F.3d at 899 ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). Therefore, this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. section 1441, and the Action may be removed to this Court under 28 U.S.C. sections 1441 and 1446.

## II. ALL ADDITIONAL PREREQUISITES FOR REMOVAL ARE SATISFIED

This Notice of Removal is timely.  A notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise," of the initial pleading or "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)-(c).  This Notice of Removal is timely because Plaintiffs served BMW NA, the only named defendant, with the summons and Complaint on April 15, 2022.  Thus, the last day to file this Notice of Removal is May 16, 2022, which is 30 days after service of the

Complaint. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

Venue is proper in this Court because the Action is pending in the County of San Francisco, California, and both Plaintiffs are citizens of California who reside in the City of San Francisco, County of San Francisco. Thus, the United States District Court for the Northern District of California is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

A copy of this Notice of Removal is being promptly served upon counsel for Plaintiffs and a copy is being filed with the Clerk of the Superior Court of the State of California for the County of San Francisco, as required by 28 U.S.C. section 1446(d).

If any question arises as to the propriety of the removal of this Action, BMW NA is entitled to an opportunity to present sufficient evidence and respectfully requests an opportunity to brief and, if appropriate, orally argue its position that this case is removable. *See Dart*, 574 U.S. at 88-89 (where the court questions the amount in controversy, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied"), citing *McPhail v. Deere & Co.,* 529 F.3d 947, 953 (2008) ("requiring proof by defendant but not by plaintiff 'bears no evident logical relationship either to the purpose of diversity jurisdiction, or to the principle that those who seek to invoke federal jurisdiction must establish its prerequisites'").

For the forgoing reasons, Defendant BMW NA respectfully requests that this action be removed from the Superior Court of the State of California, for the County of San Francisco, to the United States District Court in the Northern District of California, and that all future proceedings in this matter take place in that District Court.

Dated: May 16, 2022

THE LAW OFFICE OF ABTIN AMIR, PC
ABTIN AMIR
IVANA SADDIGH
MADELEINE MESSINGER

By  /s/ Ivana Saddigh
Ivana Saddigh
Attorneys for Defendant,
BMW of North America, LLC